✓ FILED  ___ RECEIVED
___ ENTERED  ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 7 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____  DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANDALL EUGENE ANDERSON, ) | 3:17-cv-00486-WGC |
| Plaintiff, ) | |
| vs. ) | ORDER RESCHEDULING SETTLEMENT CONFERENCE |
| WARREN G. FENTON, ) | |
| Defendants. ) | |

The court is advised of a scheduling conflict regarding the settlement conference set for Tuesday, October 16, 2018. IT IS THEREFORE ORDERED that the settlement conference is **RESCHEDULED** to **Thursday, October 25, 2018, at 9:00 a.m.**, Fifth Floor Chambers, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, Reno, Nevada, before Magistrate Judge Robert A. McQuaid, Jr.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. For a Defendant, such representative must have final settlement authority to commit the organization to pay, <u>in the representative's own discretion</u>, a settlement amount up to the Plaintiff's prayer, or up to the Plaintiff's last demand, whichever is lower. For a Plaintiff, such representative must have final authority, <u>in the representative's own discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the Defendant's last offer. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is <u>absolutely required</u>. Any insurance company that

is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's own discretion</u>, an amount within the policy limits, or up to the Plaintiff's last demand, whichever is lower. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, <u>in counsel's sole discretion</u>, the client, client representative, or insurance company representative, as applicable, need not attend. <u>The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without the negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present</u>. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it well before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

Counsel appearing for the settlement conference without their client representatives or insurance company representatives, authorized as described above, will cause the settlement conference to be canceled or rescheduled. The non-complying party, attorney or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

///

///

///

**PREPARATION FOR SETTLEMENT CONFERENCE**

In preparation for the settlement conference, the attorneys for each party shall submit a confidential settlement conference statement for the court's *in camera* review. The settlement conference statement shall contain the following:

1. A brief statement of the nature of the action.
2. A concise summary of the evidence that supports your theory of the case, including information which documents your damages claims. You may attach to your statement those documents or exhibits which are especially relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests.
3. An analysis of the key issues involved in the litigation.
4. A discussion of the strongest points in your case, both legal and factual, <u>and a frank discussion of the weakest points as well</u>. The court expects you to present a candid evaluation of the merits of your case.
5. A further discussion of the strongest and weakest points in your opponents' case, but only if they are more than simply the converse of the weakest and strongest points in your case.
6. An estimate of the cost (including attorney's fees and costs) of taking this case through trial.
7. A history of settlement discussions, if any, which details the demands and offers which have been made, and the reasons they have been rejected.
8. The settlement proposal that you believe would be fair.
9. The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation.

///
///
///

**THE SETTLEMENT CONFERENCE STATEMENTS SHALL BE RECEIVED IN THE CLERK'S OFFICE, ROOM 301, NOT LATER THAN 4:00 P.M. ON THURSDAY, OCTOBER 18, 2018. <u>DO NOT SERVE A COPY ON OPPOSING COUNSEL</u>.** The settlement conference statement should be delivered to the Clerk's Office in an envelope clearly marked "Confidential Contains Settlement Brief".

The purpose of the settlement conference statement is to assist the court in preparing for and conducting the settlement conference. In order to facilitate a meaningful conference, your <u>utmost</u> <u>candor</u> in responding to all of the above listed questions is required. The settlement conference statements will not be seen by the trial judge. The confidentiality of each statement will be strictly maintained in my chambers. Following the conference, the settlement conference statements will be destroyed.

DATED: August 7, 2018.

_____
ROBERT A. McQUAID, JR.
UNITED STATES MAGISTRATE JUDGE